Case No. 25-2361

# In The United States Court of Appeals for the Eighth Circuit

THE PEOPLE OF THE STATE OF CALIFORNIA,

*Appellant*,

v.

23ANDME HOLDING CO.,

*Appellee*

---

On appeal from the U.S. District Court for the Eastern District of Missouri –
Case No. 4:25-cv-00999-MTS

---

**MOTION OF INTERESTED PARTY TTAM RESEARCH INSTITUTE TO INTERVENE**

---

TTAM Research Institute is the proposed, and Bankruptcy Court approved, buyer in the sale of 23andMe, has participated at all stages of this litigation, and seeks to intervene on appeal as of right to present its (significant) interests in the resolution of this appeal.

Participatory rights in bankruptcy proceedings are capacious, designed to include a broad range of "parties in interest" to promote a fair

1

and equitable reorganization process. *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 281 (2024). "A party in interest, in including the debtor, the trustee, a creditors' committee, or an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue." 11 U.S.C. § 1109(b).

A court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute or (2) claims an interest relating to the property or transaction that is the subject of the action where disposing of the action may practically impair or impede the movant's ability to protect its interest. Fed. R. Civ. P. 24(a); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1160-61 (8th Cir. 1995). "All that is required" for the party in interest to intervene "is an interest in the property at issue" and a finding that the disposition of the proceeding may "impair or impede" the intervenor's ability to protect that interest. *In re Lopez-Soto*, 764 F.2d 23, 26-27 (1st Cir. 1985) (permitting interested party in bankruptcy to intervene to oppose lifting a stay). This right extends not only to the "core" bankruptcy proceedings but to any issue, regardless of whether it arises in a contested matter or an adversary

2

proceeding. *In re Caldor Corp.*, 303 F.3d 161, 169 (2d Cir. 2002).

"There may be difficult cases that require courts to evaluate whether truly peripheral parties have a sufficiently direct interest. This case is not one of them." *Truck Ins.*, 602 U.S. at 284. TTAM is the proposed purchaser of 23andMe for $305 million, pursuant to Section 363 of the Bankruptcy Code (the sale approved by Judge Walsh below, which is the subject of this appeal). TTAM has an indisputable interest in the property at issue—including equity in the new company—that is impeded by California's suit. Each day that the closing of this transaction is delayed, the company (which TTAM seeks to acquire pursuant to the Bankruptcy Court's order and ruling) incurs administrative expenses of two to three hundred thousand dollars per day (or seven to ten million dollars per month). *See* Colloquy, Dkt. No. 25-2 at 37:20-34. The parties to the acquisition are standing by, ready to close the transaction and stop the value loss incurred by 23andMe's stakeholders caused by California's legally and procedurally baseless attempt at appeal. TTAM, as purchaser, must be permitted as of right to step in and defend its interests in the property at issue.

TTAM's interests are not already adequately represented by any

3

existing party. As the Bankruptcy Court heard and agreed, TTAM's purchase of 23andMe is an arm's-length transaction, pursued in good faith within the meaning of section 363(m) of the Bankruptcy Code. TTAM is the sole party on the purchaser side of this transaction, and it has participated in this process of its own accord, represented by separate counsel from any other interested party. In a non-bankruptcy context, a purchaser in a transaction would never be presumed to be adequately represented by the seller in such transaction. Similarly, a purchaser in bankruptcy is not adequately represented by any other party in the bankruptcy. There is no extant party on whom TTAM can rely to protect its interests in this sale. TTAM should be permitted to intervene as of right to protect those interests here. *In re Lopez-Soto*, 764 F.2d at 26-27; *Union Elec. Co.*, 64 F.3d at 1160-61; 11 U.S.C. § 1109(b).

In the alternative, the Court should grant TTAM permissive intervention. *See* Fed. R. Civ. P. 24(b)(1). "On timely motion, the court may permit anyone to intervene who "is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact." *Id.* For the reasons given above, TTAM undoubtedly qualifies for permissive intervention. It

4

is a party in interest and, therefore, may raise and be heard on any issue within this case. *In re Caldor Corp.*, 303 F.3d at 169.; 11 U.S.C. § 1109(b). Should the Court, for any reason, decide that TTAM cannot intervene as of right, as the sole purchaser of this transaction whose expectations are frustrated daily as a result of California's action, TTAM presents defenses that are on all fours with the main adversarial action at issue here. It should be permitted to defend those interests as intervenor.

## CONCLUSION

The Court should permit TTAM to intervene as of right in this appeal to defend its interests in 23andMe. Alternatively, the Court should grant TTAM permissive intervention.

Date: July 11, 2025  Respectfully submitted,

By: */s/ Barbara A. Smith*
Barbara A. Smith
David M. Unseth
Katie Spewak
BRYAN CAVE LEIGHTON PAISNER LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2367
barbara.smith@bclplaw.com
David.unseth@bclplaw.com
Katie.spewak@bclplaw.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Joseph O. Larkin (admission application forthcoming)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001
Joseph.Larkin@skadden.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Susheel Kirpalani (admission application forthcoming)
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Fax: (212) 849-7100
susheelkirpalani@quinnemanuel.com

*Attorneys for Interested Party TTAM
Research Institute*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1167 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word version 2504 in 14 point Century Schoolbook font.

3. I further certify that this PDF file was scanned for viruses, and no viruses were found on the file.

*/s/ Barbara A. Smith*
Barbara A. Smith
Date: July 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Barbara A. Smith
Barbara A. Smith
*Attorney for TTAM Research Institute*